THE HON. WILLIAM T. PIGOTT, }
THE HON. GEORGE R. MILBURN, } Associate Justices.

BORDEAUX, APPELLANT, *v.* BORDEAUX, RESPONDENT.

(No. 1,770.)

(Submitted April 21, 1902. Decided June 5, 1902.)

For syllabus, see *Bordeaux* v. *Bordeaux*, *ante*, page 533.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

DIVORCE suit by John R. Bordeaux against Ellen F. Bordeaux. A decree was entered for plaintiff, from which defend-

ant appealed, and made application to the trial court for an allowance for suit money, which was allowed, and plaintiff appeals. Original application by defendant for suit money. Application denied.

*Messrs. Stapleton & Stapleton,* and *Mr. B. S. Thresher,* for Appellant.

*Messrs. McHatton & Cotter,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

After the entry of judgment of divorce in favor of the plaintiff, and the entry of an order refusing the defendant a new trial, the defendant moved the court below for an order directing the plaintiff to pay into the hands of its clerk a certain sum for services of her counsel rendered in the cause, and rendered and to be rendered by them upon the appeals, and requiring the plaintiff to pay for her use the cost of transcribing the testimony. On November 9, 1901, the court below granted in part the order prayed for. Instead of complying with it the plaintiff has appealed to the supreme court therefrom, and has filed an undertaking which operates as a *supersedeas.* This appeal is now pending here. The respondent asks this court to require the appellant to pay to her, or into court for her use, a reasonable sum for her counsel fees on the appeal taken by the plaintiff, the costs of her appearance fee in this court, and of printing her brief for this court.

The question presented is the same as the one raised and answered in cause No. 1,787, *Bordeaux,* v. *Bordeaux,* 26 Montana Reports, 533, 69 Pacific Reporter, 103, where we held that the supreme court is without jurisdiction to grant alimony or suit money pending appeal.

For want of power to make the order prayed for, the application is dismissed.

*Dismissed.*